**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, Petitioner,**

v.

**CIVIL AERONAUTICS BOARD, Respondent,**

Allied Pilots Association, American Airlines, Inc., Trans World Airlines, Inc., and United Air Lines, Inc., Intervenors.

No. 73–2181.

United States Court of Appeals, District of Columbia Circuit.

Argued 25 Nov. 1974.

Decided 23 April 1975.

See also, 167 U.S.App.D.C. ——, 511 F.2d 1315.

Gary Green, Washington, D. C., with whom Daniel M. Katz, Washington, D. C., was on the brief for petitioner in No. 73–2181.

Glen M. Bendixsen, Associate Gen. Counsel, with whom Richard Littell, Gen. Counsel, O. D. Ozment, Deputy Gen. Counsel, and Robert L. Toomey, Atty., Dept. of Justice, were on the brief for respondent, Civil Aeronautics Board.

Edmund E. Harvey, Washington, D. C., for intervenors, American Airlines, Inc., Trans World Airlines, Inc. and United Air Lines, Inc.

James M. Verner, Washington, D. C., was on the brief for intervenor, Northwest Airlines, Inc.

B. Howell Hill and Alexander E. Bennett, Washington, D. C., were on the brief for intervenor, Braniff Airways.

Before LEVENTHAL and WILKEY, Circuit Judges, and RICHEY,* United States District Court Judge for the District of Columbia.

PER CURIAM:

This case was consolidated with United States v. CAB, 167 U.S.App. D.C. ——, 511 F.2d 1315, decided this date, and arises out of the same factual context. The Air Line Pilots Association, International (ALPA) attacks the Civil Aeronautics Board's (Board) Order 73-10-110, decided 31 October 1973, on the ground that the Board abused its discretion by refusing to attach labor protective conditions to the order.

▆ The applicable law is set out in our prior decisions, each entitled Air Line Pilots Assn. v. CAB, 154 U.S.App. D.C. 320, 475 F.2d 900 (1973) (*ALPA I*); 161 U.S.App.D.C. 199, 494 F.2d 1118 (1974) (*ALPA II*); —— U.S.App. D.C. ——, 509 F.2d 964 (Nos. 73-1828 and 73-1874, decided 17 March 1975) (*ALPA III*). The teaching of these cases is clear. The welfare of displaced employees is a factor to be weighed by the Board when making a public interest determination under section 412. As a result, the Board must give ALPA an opportunity to show that a need for labor protective conditions exists. Our scope of review beyond that point is simply to insure that the Board acted rationally in concluding that such conditions were or were not necessary, giving some weight to past Board policy on the issue.

▆ ALPA was given an opportunity to present its position to the Board. Joint Appendix-p. 45. The Board responded as follows:

Regarding labor protective conditions requested by the Allied Pilots Association and ALPA, we do not believe they are justified. Flight schedules are going to be cut, whether through unilateral or joint action. Thus it does not appear that the

agreements will have any substantial impact on employee welfare.[10]

[10] See also Order 73-7-147 at 14.[1]

We cannot say that this determination was either irrational or inconsistent with prior Board policy. Our recent opinion in *ALPA III* upheld the Board's refusal to attach labor protective conditions to the Board's initial approval of the economic capacity reduction agreements. (This prior refusal, since upheld, is cited by the Board in the above-quoted footnote from the Board's opinion.) A similar refusal to attach the conditions requested by ALPA in this case must stand on a similar footing. Since the Board's refusal to attach conditions in this case is both rational and consistent with prior Board policy, this aspect of the Board's order must be

Affirmed.